Jason M. Frank, Esq. SBN: 190957
jfrank@lawfss.com
Scott H. Sims, Esq. SBN: 234148
ssims@lawfss.com
**FRANK SIMS & STOLPER LLP**
Newport Gateway
19800 MacArthur, Blvd Suite 855
Irvine, CA 92612
Telephone: (949) 201-2400
Facsimile: (949) 201-2405

Kristopher P. Badame, Esq. SBN: 210349
kbadame@badamelawgroup.com
Joseph Hunter, Esq. SBN: 137796
jhunter@badamelawgroup.com
**BADAME LAW GROUP, APC**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (949) 398-8217

Attorneys for PLAINTIFFS, and all those similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZA COLE, individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE,<br><br>Defendant. | Case No.: 8:18-cv-1020<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**UNPAID OVERTIME COMPENSATION AND LIQUIDATED DAMAGES PURSUANT TO *THE FAIR LABOR STANDARDS ACT* [29 U.S.C., Section 201 et. seq.]**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Luiza Cole ("Plaintiff"), on behalf of herself and all others similarly situated, brings this Action against the County of Orange ("Defendant" or the "County"), and alleges as follows:

## INTRODUCTION

1. This is a collective action by Plaintiff on behalf of Senior Social Workers against their employer, the County of Orange. For years, the County has failed to pay its Senior Social Workers for the full amount of their overtime hours, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq. This failure is knowing, deliberate and willful. The County fails to pay these overtime hours even though the County knowingly assigns Senior Social Workers more cases than can be completed in a 40-hour week and expects and requires its Senior Social Workers to complete those assignments. In fact, in many instances, the County specifically instructs its Senior Social Workers not to record their overtime.

2. The Senior Social Workers operate within the County's Social Services Agency ("SSA"), in the Children & Family Services Division ("CFS"). As such, the Senior Social Workers are the very people on the front line trying to protect children from abuse and neglect and trying to provide services to at-risk families. Morale and minimizing turnover is important to the well-being of the County's youth. Unfortunately, the County's failure to pay its Senior Social Workers for their full overtime hours has had a devastating effect on employee morale and turnover. The County's continuing violations of the FLSA must be remedied and abated.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the action pleads a violation of the FLSA.

4. This Court has personal jurisdiction over Defendant because Defendant is a government entity within the State of California and over the last three years employed hundreds of employees in the Central District of California, including Plaintiff Luiza Cole.

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**

5. Venue is proper in the Southern Division of the Central District because Plaintiff and Defendant are both residents and citizens of the State of California, County of Orange.

## PARTIES

6. Plaintiff Luiza Cole is resident and citizen of the County of Orange, State of California. Plaintiff is currently employed by the County as a Senior Social Worker.

7. Defendant, the County of Orange, is a government entity in the State of California.

## FACTUAL ALLEGATIONS

8. Plaintiff is currently a Senior Social Worker employed by the County in the Children & Family Services Division ("CFS") of the Orange County Social Services Agency (the "SSA" or the "Agency"). CFS receives approximately 40,000 cases of reported abuse annually.

9. Within the CFS, there are four (4) Services or Departments:
   a. Intervention & Prevention Services, which essentially serves as an emergency response department (hereinafter "IPS");
   b. Planning & Permanency Services ("PPS");
   c. Family Assessment & Shelter Services ("Orangewood"); and,
   d. Continuing Family Services ("ICS" or "Court Programs")

10. The purpose of CFS is to monitor, manage, protect, intervene and prevent the abuse of marginalized persons and enable reunification or permanent placement.

11. Unfortunately, abuse, neglect, addiction and dependency do not wait. These horrors do not honor schedules, nor do they respect weekends, holidays, days off, work load, overtime or the time of day or night. Abusers do not stop because a Social Worker is "off the clock." The employees within CFS, from the Director down to the secretarial staff, know this reality and the impact it has on the County's Social Workers and the youth they serve.

12. Because abusers do not wait, the job of a Senior Social Worker involves time-sensitive caseload management and maintenance activities, as well as compliance with compulsory legal, statutory, and administrative reporting deadlines and cut-offs. These deadlines are not flexible. Consequently, even after Plaintiff and other Senior Social Workers spend full days actively investigating matters, conducting interviews with children and their relatives, and meeting with healthcare, police or other supporting providers, their work is not finished. Mandatory reports, compliance and court-related documents still have to be completed.

13. Because the County's SSA receives a majority of its funding from Federal and State sources, the funds come with many "strings attached." Compliance is therefore a primary focus of CFS's management. As a result, any failure to timely prepare and produce compliance documentation goes directly to the Senior Social Workers supervisor's, manager's and director's "bottom line" and, thus, such failures are not tolerated by County management.

14. CFS's dedication to "making their numbers" regrettably results in the abuse and manipulation of Plaintiff and other Senior Social Workers so the County can "successfully" comply with all program mandates. This abuse and manipulation includes explicitly and implicitly requiring Senior Social Workers to work uncompensated overtime.

15. The County has actual or constructive knowledge that Senior Social Workers are working overtime as evidenced by the following, at a minimum:

    a.     The County has been informed that Senior Social Workers work substantial amounts of overtime for which they are not being compensated.

    b.     Plaintiff and her fellow Senior Social Workers cannot realistically complete their assigned tasks in a 40-hour work week.

c.  Many within CFS's management were previously Senior Social Workers themselves, and personally experienced and complained about unpaid overtime.

d.  The County pays Senior Social Workers bi-weekly.  The County's payroll practice requires Plaintiff and other Senior Social Workers to input their full pay period hours at least two days prior to the end of the actual pay period, forcing employees to "guess" the number of hours that will be worked in the last 2 days of the period.  The expectation, spoken and inferred by management, is that Plaintiff and other Senior Social Workers should "fudge" the numbers so that the sum submitted for the two-week period equals 80 hours, regardless of how many hours actually worked.

e.  Plaintiff and her fellow Senior Social Workers regularly would report their overtime hours to their supervisors orally but were instructed not to submit them, told they would not be paid even though they had been worked, and were told to withdraw or falsify their hours.

f.  Plaintiff and her fellow Senior Social workers regularly send emails to their superiors with updates, inquiries and notifications during non-scheduled work hours demonstrating to their superiors that they are working overtime.

g.  Supervisors and Management regularly "walk the floor" in CFS offices and see, support and encourage Plaintiff and other Senior Social Workers to work through their scheduled lunch hour without compensation.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all current and former Senior Social Workers employed by the County of Orange in its Social Services Agency, Children and Family Services Division in the three (3) years preceding the filing of this Complaint up to the date of trial (the

"FLSA Collective Action Members").

17. Excluded from the FLSA Collective Actions Members are Senior Social Workers employed by the County who work or worked exclusively in the Child Abuse Registry segment of CFS.

18. Plaintiff is informed and believes that the FLSA Collective Action Members potentially consists of hundreds of individuals from throughout the State of California.

19. During this litigation, Plaintiff may find it appropriate or necessary to amend the definition of the FLSA Collective Action Members. Plaintiff reserves her right to continue to refine the FLSA Collective Action definition. Plaintiff further reserves the right to move for subclasses divided along any reasonable point of distinction that may exist among members of the FLSA Collective Action.

20. Plaintiff and the FLSA Collective Action Members are similarly situated, for the reason set forth herein. They were/are non-exempt employees subject to the County's common practice, policy, or plan of willfully and unlawfully failing to pay overtime due under the FLSA.

21. The names and addresses of the FLSA Collective Action Members are available from the County of Orange such that notice can be provided to the members of the FLSA Collective Action by, at a minimum, first class mail to their last known address as provided by the County.

22. For the foregoing reasons, Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

### FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES
### Pursuant to FLSA, 29 U.S.C. §§ 201 et seq., 29 U.S.C. § 216(b)

23. Plaintiff re-alleges all the allegations contained in paragraph 1 through 22 as though fully set forth herein.

24. At all times relevant herein, the County was the "employer" of Plaintiff and the FLSA Collective Action Members within the meaning of the FLSA.

25. At all times relevant herein, the County was responsible for paying wages to Plaintiff and the FLSA Collective Action Members, including overtime wages for time worked in excess of 40 hours per week.

26. At all times relevant herein, Plaintiff and the FLSA Collective Action Members were "employees" within the meaning of the FLSA

27. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

28. The County has a practice and policy of requiring its employees to work overtime without properly compensating them for that labor, in violation of the FLSA.

29. The County had actual or constructive knowledge that Plaintiff and the FLSA Collective Action Members were working unpaid overtime. The County "suffered" or "permitted" Plaintiff and the FLSA Collective Action Members to work unpaid overtime hours.

30. As a result of the unlawful acts of the County, Plaintiff and the FLSA Collective Action Members have been deprived of their full overtime wages due.

31. The County's failure to pay Plaintiff and the FLSA Collective Action Members their full overtime wages was intentional, willful and not undertaken in good faith.

32. By failing to compensate Plaintiff and the FLSA Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, the County violated the FLSA.

33. Plaintiff, on behalf of herself and the FLSA Collective Action Members, seeks backpay, liquidated damages, injunctive relief, interest and attorneys' fees, and such other legal and equitable relief as this Court deems just and proper.

**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**

# PRAYER

WHEREFORE, Plaintiff, on behalf of herself and all FLSA Collective Action Members prays for relief as follows:

A.     For an order certifying that this Action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to the FLSA Collective Action Members so that they can timely decide whether to "opt in";

B.     Designation of Plaintiff as a representative for the FLSA claims and Plaintiffs' attorneys as Counsel for the FLSA Collective Action Members;

C.     Appropriate equitable relief to remedy Defendants' violations of the FLSA, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

D.     Backpay in the form of all unpaid overtime;

E.     An award of liquidated damages pursuant to the FLSA;

F.     Pre-Judgment and post-Judgment interest, as provided by law;

G.     Attorneys' fees and costs of suit, including expert fees as permitted by the FLSA and/or federal law;

H.     Any other relief the Court determines is just and proper.

DATED: June 11, 2018                                   **FRANK SIMS & STOLPER LLP**

                                                       By:   /s/ Scott H. Sims
                                                          Scott H. Sims
                                                          Attorneys for Plaintiffs

DATED: June 11, 2018                                   **BADAME LAW GROUP, APC**

                                                       By:   /s/ Kristopher P. Badame
                                                          Kristopher P. Badame
                                                          Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: June 11, 2018                            **FRANK SIMS & STOLPER LLP**

                                                By:   /s/ Scott H. Sims
                                                    Scott H. Sims
                                                    Attorneys for Plaintiffs

DATED: June 11, 2018                            **BADAME LAW GROUP, APC**

                                                By:   /s/ Kristopher P. Badame
                                                    Kristopher P. Badame
                                                    Attorneys for Plaintiffs