1
FRANK SIMS & STOLPER LLP
Jason M. Frank (SBN 190957)
2
jfrank@lawfss.com
Scott H. Sims (SBN 234148)
3
ssims@lawfss.com
19800 MacArthur Blvd., Suite 855
4
Irvine, California 92612
Telephone:   (949) 201-2400
5
Facsimile:    (949) 201-2405

6
BADAME LAW GROUP, APC
Kristopher P. Badame, (SBN 210349)
7
kbadame@badamelawgroup.com
Joseph Hunter (SBN 137796)
8
jhunter@badamelawgroup.com
9891 Irvine Center Drive, Suite 200
9
Irvine, California 92618
Telephone:   (949) 398-8217'

10

11
Attorneys for Named and the FLSA Collective

12
UNITED STATES DISTRICT COURT

13
CENTRAL DISTRICT OF CALIFORNIA

14

15

16
LUIZA COLE, individually, and RUTH MCKNIGHT, individually, on behalf of themselves and all those similarly situated,

17

Plaintiffs,

18
            vs.

19
COUNTY OF ORANGE,

20
                              Defendant.

21

22

23

24

25

26

27

28

| | |
|---|---|
| Case No.  8:18-cv-01020-DOC-KES | |
| **PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT OF FLSA COLLECTIVE ACTION AND REQUEST FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS** | |
| **Date:        May 18, 2020**<br>**Time:       8:30 a.m.**<br>**Ctrm.:       9D** | |
| Action Filed:        June 11, 2018 | |

# I.      INTRODUCTION

This case concerns Defendant County of Orange's ("Defendant") alleged failure to pay overtime wages for all overtime hours worked by Senior Social Workers ("SSWs") in the Emergency Response section ("ER") of Defendant's Children & Family Services Division.

On May 13, 2019, this Court entered an order conditionally "certifying" this case as a collective action under the Fair Labor Standards Act (the "FLSA").  (Doc. 53.)  The Court further directed notice be issued to the current and former SSWs in the ER section so they may have the opportunity to "opt-in" to this collective action.  (Id.)  As a result of this process, 13 individuals "opted in" to the collective action (the "Opt-In Plaintiffs"), in addition to the two named Plaintiffs -- Luiza Cole ("Cole") and Ruth McKnight ("McKnight") (the "Named Plaintiffs.").   (Declaration of Scott Sims ("Sims"), ¶ 8; Doc. 60.)

On November 20, 2019 and February 5, 2020, the Parties appeared before the Honorable Thierry Patrick Colaw (Ret.) to mediate this matter.  (Sims, ¶¶ 8-9.)  At the second session, the Parties agreed to settle this action on the terms set forth in the attached Settlement Agreement (Exhibit A.)  The Settlement Agreement has been approved and executed by the Named Plaintiffs and every Opt-In Plaintiff.  (Sims, ¶ 8.)  It also been approved by Defendant's Board of Supervisors.  (Id.)

The Settlement Agreement provides as follows:

1.  Defendant will place $837,100.00 into a Settlement Fund.

2.  Each Named Plaintiff and each Opt-In Plaintiff will receive a settlement payment of $40,000.00, for total settlement payments to Plaintiffs of $600,000.00.  This represents approximately half of each employee's yearly salary.  (Sims, ¶ 12 and Exh. B.)

3.  Each Named Plaintiff may request, without objection from Defendant, an incentive award of $5,000.00 (for a collective total of $10,000.00) for their efforts and services in leading this action, subject to Court approval.

4. Plaintiffs' Counsel may request an award of $250,000.00 in attorneys' fees, without objection from Defendant and subject to Court approval.

5. Plaintiffs' Counsel may seek reimbursement of costs of $13,100.00 without objection from Defendant and subject to Court approval.

6. To the extent the Court awards less than the requested amounts for attorneys' fees, costs and incentive awards, then such amounts will revert back to Defendant.

7. In exchange for the above consideration, each Named Plaintiff and each Opt-In Plaintiff will dismiss their claims with prejudice and release Defendant from all claims asserted in the operative Second Amended Complaint (the "SAC"), as well as any other claims that could have been asserted based on the allegations in the SAC.

This Settlement provides an excellent result for the Named and Opt-In Plaintiffs. They faced significant challenges in this action. To prevail Plaintiffs were required to prove that (a) they are "non-exempt" employees under the FLSA and not subject to the FLSA's "learned professional" exception; (b) they were working uncompensated overtime hours; and (c) they were working the uncompensated overtime hours with Defendant's knowledge. Plaintiffs also faced the difficulty of proving the number of uncompensated hours they worked, an issue exacerbated by the lack (according to Plaintiffs) of accurate time records. Those issues presented a substantial risk for Plaintiffs not only on the merits, but also of "decertification" of collective action treatment. (See Eldard v. County of Los Angeles, 2011 WL 13175660 (C.D. Cal. Feb. 17. 2011) (decertifying FLSA collective action on behalf of social workers).

The statute of limitations in this case is either two years from the date the member opts in, or three years if Plaintiffs could establish "willful" misconduct by Defendant. (29 U.S.C. § 255.) In this context, for each member to receive more than half of one-year's salary in damages -- the average SSW makes approximately $60,000.00 to $80,000.00 per year -- is a tremendous outcome. (Sims, Exh. B.)

A $5,000 incentive award to each of the Named Plaintiffs is fair, reasonable and appropriate.  (Sims, ¶ 30; Declaration of Luiza Cole ("Cole"), ¶¶ 2-5; Declaration of Ruth McKnight ("McKnight"), ¶¶ 2-5.)  The Named plaintiffs took tremendous risks in suing their employer and spent considerable amount of time assisting counsel on this case, responding to discovery, actively participating in settlement negotiations and notifying fellow employees about the case.  (Id.)

The requested attorneys' fees of $250,000.00 and costs of $12,484.75 are also fair, reasonable and appropriate.[1]  (Sims, ¶ 28; Declaration of Kristopher Badame ("Badame"), ¶ 13-15.)  Plaintiffs' counsel spent over 465 hours litigating this case. (Id.)  The requested fees are less than their lodestar of $369,123.50 -- and thus represent a *negative* lodestar multiplier of 1.48.  (Id.)  These fees also represent less than 30% of the settlement fund.  (Sims, ¶ 29.)

Accordingly, as recognized by all affected parties, each of whom signed the Settlement Agreement, the Settlement, including the requested fees, costs and incentive awards, is fair, reasonable and adequate and the Court should grant approval.

## II.    STATEMENT OF FACTS

### A.    Plaintiffs' Claims.

Plaintiffs allege Defendant failed to pay SSWs for the full amount of their overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.* (the "FLSA").  Specifically, Plaintiffs contend Defendant knows the workload assigned to SSWs cannot be completed in a 40-hour workweek and, in many instances, instruct SSWs not to record their overtime hours.  Defendant denied, and continues to deny, these allegations.

---

[1] The requested costs reflect Plaintiffs' Counsel's actual out-of-pocket costs and are slightly lower than the amount Counsel could seek under the Settlement Agreement. The reason is that after the parties reached terms, Defendant agreed to pay the cost of settlement administration directly to the settlement administrator, such that Counsel is not having to advance those costs.

### B.    Procedural History.

Plaintiff Cole filed the initial Complaint in this action on June 11, 2018.  (Doc. 1.).  A First Amended Complaint ("FAC") adding Plaintiff McKnight was filed on November 30, 2018.  (Doc 29.)  Defendant filed a motion to dismiss the FAC on January 4, 2019.  (Doc. 31.)  Plaintiff opposed the motion on January 22, 2019.  (Doc. 37.)  The Court denied the motion in part and granted in part on March 27, 2019.  (Doc. 44.)  In response, Plaintiff filed the operative Second Amended Complaint ("SAC") on April 10, 2019 addressing the issues raised in the Court's ruling.  (Doc. 48.)

Plaintiffs filed a motion for preliminary "certification" of a collective action on March 11, 2019 (Doc. 42), a reply in support of the motion on April 8, 2019 (Doc. 47) and a response to Defendant's sur reply on April 29, 2019 (Doc. 51).  The Court granted the certification motion on May 14, 2019.  (Doc. 53.).

As this is a collective action under the FLSA, the members of the putative "class" are required to affirmatively "opt-in" to participate in the action.  (29 U.S.C. § 216(b); Campbell v. City of Los Angeles, 903 F.3d 1090, 1100 (9th Cir. 2018).)  Accordingly, notice was sent to the putative members on or about July 29, 2019 advising them of their eligibility to opt-in to the collective action.  (Sims, ¶ 9; Docs. 53, 60.)  In response, 13 individuals opted-in: Denise Cornejo, Mariela Flores, Martha Garduno, Consuelo Gomez, LaToya McDavis, Daisy (Mejia) Rivera, Sarah Mendoza, Daisy Perez, Linda S. Rodriguez, Maria Ruberio, Charmaine Taguinad, Michelle Tolosa, and Junko Tominaga.  (Id.)

The Named Plaintiffs and their counsel also conducted and responded to significant written discovery.  (Sims, ¶ 17; Badame, ¶ 11; Cole, ¶ 4; McKnight, ¶ 4.)  That included interrogatories, requests for production, the deposition of the Named Plaintiffs' immediate supervisor Lisa Delamater, and the review of thousands of pages of documents.  (Id.)

On February 12, 2020, the Parties filed a joint notice of a potential settlement subject to the approval of Defendant's Board of Supervisors and requested the Court

vacate all pending court dates and deadlines.  (Doc. 58.).  On February 13, 2020, this Court granted the request to vacate the dates and set a status conference for June 15, 2020 at 8:30 am.  (Doc. 59.)  On April 14, 2020 Defendant's Board of Supervisors approved the settlement.

### C.    The Mediation and Settlement.

On November 20, 2019, the Parties attended a settlement mediation before the Honorably Thierry Patrick Colaw (Ret.).  (Sims, ¶ 9.)  The parties were unable to reach a settlement at that session, but subsequently agreed to a second mediation session on February 5, 2020.  (Id., ¶ 9.)

At the second session, the Parties reached a settlement whereby each Named Plaintiff and each Opt-In Plaintiff would receive a settlement payment of $40,000.00, for a collective total of $600,000.00.  (Sims, ¶¶ 9, 10 and Exh. A.)  The Parties further and separately negotiated attorneys' fees, costs and incentive awards with the assistance of Judge Colaw.  (Id.)  Defendant agreed it would not oppose a request for attorneys' fees up to $250,000, costs up to $13,100 and incentive awards to the two named plaintiffs up to $5,000 each.  (Id.)  In exchange for the above consideration, the Named and Opt-In Plaintiffs agreed they would dismiss their claims with prejudice and release Defendant from all claims asserted in the SAC, as well as any other claims that could have been asserted based on the allegations in the SAC.  (Id.).  The Parties entered a short-form stipulation of settlement at the mediation and agreed to formalize such terms in a long-form settlement agreement.  (Id.)

The Parties thereafter prepared the attached Settlement Agreement (Exhibit A) and presented it to their respective clients.  (Sims, ¶¶ 9-10.)  All 15 members of the collective action (including the two Named Plaintiffs and all 13 Opt-In Plaintiffs) approved the terms of the Settlement and executed the agreement.  (Id.)  Defendant's Board of Supervisors approved the Settlement on April 14, 2020.  (Id.)

1    **III.    THE COURT SHOULD APPROVE THE SETTLEMENT**

2         **A.    Legal Standard.**

3         An employee may settle and waive claims under the FLSA if a district court

4    approves the settlement.  (Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,

5    1353 (11th Cir. 1982).)  "Because '[t]he Ninth Circuit has not established the criteria

6    that a district court must consider in determining whether a FLSA settlement warrants

7    approval,' district courts in this Circuit widely follow the Eleventh Circuit's Lynn's

8    Food Stores standard."  (Campanelli v. Image First Healthcare Laundry Specialists,

9    Inc., 2019 WL 1925494, *1 (N.D. Cal. April 30, 2019).)

10        Under Lynn's Food Stores, a district court may approve an FLSA settlement

11   when it reflects a "fair and reasonable resolution of a bona fide dispute over FLSA

12   provisions."  (Lynn's Food Stores, 679 F.2d at 1354-55; Campanelli v. Hershey Co.,

13   2011 WL 3683597, at * 1 (N.D. Cal. May 4, 2011) (approving individual settlements in

14   FLSA collective action, where "payments are the result of arms-length negotiations

15   between [the defendant] and the 120 plaintiffs who are represented by counsel, and who

16   have all expressly consented to the settlement.")  If the settlement reflects a reasonable

17   compromise over issues that are actually in dispute, the Court may approve the

18   settlement "in order to promote the policy of encouraging settlement of litigation."

19   (Lynn Food Stores, 679 F.2d at 1354.)

20        **B.    There is a Bona Fide Dispute Between the Parties.**

21        As this Court recognized when it denied Defendant's motion to dismiss and

22   granted preliminary certification of a collective action, there is a bona fide dispute

23   between the Parties as to whether Defendant is violating the FLSA by failing to pay

24   SSWs for all of their overtime hours.  (Doc. 44, 53.)  The allegations in dispute are set

25   forth in detail in the operative SAC.  (Doc 48).  Supporting evidence related to

26   Plaintiffs' allegations is set forth in their Motion for Preliminary Certification of FLSA

27   Collective Action.  (Doc. 42.)

28

**C.     The Settlement is Fair and Reasonable.**

To determine whether the settlement is fair and reasonable, district courts look to the "totality of the circumstances" and the "purposes of the FLSA."  (Selk v. Pioneers Mem'l Healthcare Dist., 159 F.Supp.3d 1164, 1173 (S.D. Cal. 2016).  Courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the stage of the proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of the participating plaintiffs; and (6) the possibility of fraud or collusion.  (Id.)  Based on these factors, the settlement should be approved.

1.     The Plaintiff's Range of Possible Recovery.

"The FLSA requires covered workers to be paid at least 1.5 times their normal rate for all work in excess of forty hours weekly, provided the employer has actual or constructive knowledge that the work is occurring."  (Campbell, 903 F.3d at 1102.)  "Employers who violate this requirement are liable for damages in the amount of unpaid overtime, 'an additional equal amount as liquidated damages,' and reasonable attorney's fees … and costs."  (Id. (citing 29 U.S.C. § 216(b)).)  The statute of limitations is two years, unless Plaintiffs can establish willfulness, in which case the limitations period is three years.  (29 U.S.C. § 255(a).)

The average hourly rate for the members of this collective action is approximately $34.00.  (Sims, Exh. B.)  The evidence developed to date is that Plaintiffs worked an average range of 5 to 10 hours of uncompensated overtime per week.  (Sims, ¶ 13.)  If each employee worked an average of 5 hours of overtime per week over the two-year statute of limitations period, then their total damages would be approximately $51,000 per member ((($34.00 x 1.5) x 2) x 5 hours x 100 weeks).  (Id.)  If each employee worked an average of 10 hours of overtime per week during that same period, then their total damages would be approximately $102,000.00.  (Id.)

In comparison, this settlement provides $40,000.00 for each of the 15 members of the collective action.  (Settlement, § 1(a)(i).)  This amounts to either 78% of each member's total possible recovery (assuming 5 hours of overtime per week) to 39% of the total possible recovery (assuming 10 hours of overtime per week).  (Sims ¶ 14.) This far exceeds the standard settlement amounts courts find fair and reasonable.[2]  (See Glass v. UBS Fin Servs., Inc., 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) aff'd 331 F. App'x 452 (9th Cir. 2009) (finding a wage and hour case settling at 25% to 35% of the total possible recovery was reasonable); Greer v. Pac. Gas & Elec. Co., 2018 WL 2059802, at *8 (E.D. Cal. May 3, 2018) (finding settlement that provided 30% of estimated total possible recovery was reasonable).)  Accordingly, this factor weighs heavily in favor of settlement approval.

2. The Stage of the Proceedings and Amount of Discovery Completed.

"The Court assesses the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement."  (Saleh v. Valbin Corp., 2018 WL 6002320, at *3 (N.D. Cal. Nov. 15, 2018).)  In the present case, the parties have engaged in discovery including interrogatories, document productions, and the deposition of a key witness who supervised the Named Plaintiffs and many of the Opt-In Plaintiffs.  (Sims ¶ 15.) Furthermore, the Parties fully briefed, and the Court ruled on the collective action certification.  (Doc. 53.)  Moreover, the Parties exchanged additional information during the confidential mediations and had the benefit of having their claims and legal arguments evaluated by Judge Colaw during the two full-day mediation sessions.  (Sims ¶ 15.)  As such, the Parties have a very good sense of the merits of their respective

---

[2] If Plaintiffs were able to establish "willfulness" such that a three-year statute of limitations applies, then each member's total possible recovery would $76,500.00 (assuming 5 hours of overtime per week) or $153,000 (assuming 10 hours of overtime per week).  (Sims ¶ 14.)  The $40,000.00 settlement payment would, thus, equal 52% of the total possible recovery (assuming 5 hours overtime per week) or 26% of the total possible recovery (assuming 10 hours per week.), which are also reasonable when compared to the total possible recovery.  (Glass, 2007 WL 221862, at *4.)

positions.  (Id.)  Thus, this factor also weighs in favor of approval of the settlement.  (Saleh, 2018 WL 6002320, at *4.)

### 3.   The Seriousness of the Litigation Risks Faced by the Parties.

This factor favors approving a settlement when "there is a serious risk that litigation might result in a lesser recover[y] for the class or no recovery at all." (Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 255 (N.D. Cal. 2015).)  The present case presents substantial obstacles for Plaintiffs' recovery.

First, Plaintiffs cannot prevail on their claims unless they are "non-exempt" employees under the FLSA.  Defendant disputes that Plaintiffs are "non-exempt" and asserted that as an affirmative defense.  (Dkt. No. 50 at Sixth Affirmative Defense.) Defendant contends Plaintiffs fall within the FLSA's "learned professional" exemption. (See 29 C.F.R. §§ 541.300 - 541.301.)  Generally speaking, the exemption applies when "an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction."  (Id.)  This issue has been litigated in a case involving social workers in the State of Washington and was found to be a question of fact.  (See Solis v. State of Washington Dep't of Soc. & Health Servs., 2016 WL 879166, at *3 (W.D. Wash. Mar. 8, 2016).  Accordingly, though Plaintiffs believe Defendant's "learned professional" defense lacks merit, this issue presented a case-dispositive risk for Plaintiffs.  (Sims, ¶ 17.)

Second, to prevail Plaintiffs were required to prove they worked *uncompensated* overtime hours.  Plaintiffs conceded Defendant compensated for some overtime hours, but Plaintiffs contended Defendant did not compensate them for all overtime hours. (Sims, ¶ 18.)  To support their defense, Defendant was expected to point to (a) paying SSWs thousands of hours of overtime during the statute of limitations period[3] and (b)

---

[3] Defendant contended Plaintiffs fall within the "learned professional exemption" of the FLSA such that overtime under the FLSA is not required, but that they nonetheless paid overtime pursuant to a Memorandum of Understanding ("MOU"), a claim for breach of which would require the exhaustion of administrative remedies.  (Sims, ¶ 18.)

evidence that they paid Plaintiffs for all hours Plaintiffs recorded on their timecards. (Id.)  To overcome that evidence, Plaintiffs intended to demonstrate that (a) they were encouraged not to record all of their hours worked; (b) were discouraged from requesting overtime in almost all circumstances and (c) the job cannot reasonably be performed in the number of hours on their timesheets.  (Id.)  The issue, however, was likely to turn on credibility and disputed expert testimony, and thus presented a substantial trial risk for Plaintiffs.  (Id.)

Third, even if Plaintiffs proved they worked uncompensated overtime, they also had to prove Defendant *knew* they were working uncompensated overtime.  That is, "[t]o violate FLSA, the employer must have actual or constructive knowledge that its employees performed work without being compensated.  (Lillehagen v. Alorica, Inc., 2014 WL 6989230, at *16–19 (C.D. Cal. Dec. 10, 2014).)  "[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the FLSA]."  (Id. (quoting Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981).)  Here, Defendant argued it did not know, or have reason to know that Plaintiffs were working overtime hours because Plaintiffs' time records did not record the overtime hours claimed in this lawsuit.  (Sims, ¶ 19.)  Defendant was also expected to support that argument by pointing to the amount of overtime it did pay Plaintiffs.  (Id.)  This issue thus presented a significant risk for Plaintiffs.  (Id.)

Fourth, even if Plaintiffs showed they worked some uncompensated overtime hours, Plaintiffs faced obstacles proving the number of those uncompensated overtime hours worked.  (Sims, ¶ 20.)  Defendant, again, was expected to point to Plaintiffs' time records, whereas Plaintiffs would point to representative testimony and argue Defendant discouraged accurate recordkeeping and that the burden of disproving damages properly lied with Defendant pursuant to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).  (Id.)  Those issues, however, would have been heavily contested.  (Id.)

Fifth, Plaintiffs faced the risk of "decertification" of the collective action.  (Sims, ¶ 21.)  In fact, that is exactly what happened in <u>Eldard</u>, 2011 WL 13175660, an FLSA class action filed on behalf of social workers in Los Angeles.  (<u>Id.</u>)

Thus, this factor likewise weighs in favor of settlement approval.  (<u>Saleh</u>, 2018 WL 6002320, at *4.)

### 4.  The Scope of Any Release Provision in the Settlement Agreement.

In the Ninth Circuit, a federal court may approve a settlement that releases "not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicates as that underlying the claims in the settled class action.'"  (<u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 748 (9th Cir. 2006).)  In the present settlement, the release is limited to only those 15 members who participated in the collective action, and only includes the claims asserted in the operative SAC, and those claims that "could otherwise be asserted based on the allegations in the [SAC]." (Settlement, § 2(b).)  Accordingly, this limited release weighs in favor of settlement approval.  (<u>Saleh</u>, 2018 WL 6002320, at *4.)

### 5.  The Experience and Views of Counsel and the Opinion of the Participating Plaintiffs.

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases."  (<u>Saleh</u>, 2018 WL 6002320, at *4.) Plaintiffs are represented by highly experienced counsel that specializes in complex litigation, including wage and hour class actions.  (Sims, ¶¶ 2-7, Badame, ¶¶ 2-10.)  In Counsel's opinion, the settlement is "fair and reasonable" and provides an excellent result for the Named and Opt-In Plaintiffs.  (Sims, ¶ 11; Badame, ¶ 12.)  In addition, each of Named and Opt-In Plaintiffs has expressly approved the terms of the settlement. (Sims, Exh. A.)  Thus, this factor weighs heavily in favor of settlement approval. (<u>Saleh</u>, 2018 WL 6002320, at *4.)

6.     The Possibility of Fraud or Collusion.

"The likelihood of fraud or collusion is low [when] the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator."  (Saleh, 2018 WL 6002320, at *5 (citing City P'ship Co. v. Atl. Acquisition Ltd. P'shp., 100 F.3d 1041, 1043 (1st Cir 1996) ("When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of settlement.").)  In the present case, the Settlement is the product of arms-length negotiation between highly experienced counsel before a highly respected mediator and judge in Judge Colaw.  (Sims, ¶¶ 8-9, Badame, ¶ 11.)  Further, there are not any "subtle signs" of collusion, because Plaintiffs' counsel is not receiving a disproportionate distribution of the settlement fund, every party/entity affected by the settlement expressly agreed to the settlement and Plaintiffs' counsel's requested fee, and the Named and Opt-In Plaintiffs are receiving significant monetary benefits.  As such, this factor likewise weighs in favor of settlement approval.

Overall, in consideration of the totality of the circumstances, this Court should find the proposed Settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

**D.     Class Counsel's Request for Attorney's Fees and Costs is Fair and Reasonable.**

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award."  (Selk, 159 F.Supp.3d at 1180.)  "Where a settlement produces a common fund for the benefit of the entire class, courts may employ either the lodestar method or percentage of recovery method to determine a reasonable attorney's fee."  (Id. (citing In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 943 (9th Cir. 2011)).)   Under the percentage of the benefit method, courts will award attorneys' fees equal to a percentage of the total value provided or available to the Class.  In re Hyundai and Kia Fuel Economy Litig., -- F.3d --, 2019 WL 2376831, at *16 (June 6, 2019).  In

comparison, under the lodestar method, the court will multiply the number of attorney hours incurred by a reasonable hourly rate.  Id.  The court may then raise or lower the lodestar based on several factors.  Id.; Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1007 n. 7. District courts have discretion to employ either the percentage of the benefit method or the lodestar method.  In re Hyundai, 2019 WL 2376831, at *16; In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).

In this Circuit, the "benchmark" award in common fund cases is 25 percent of the recovery obtained, with 20–30 percent as the usual range.  (See, e.g., Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047-48 (9th Cir. 2002); In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997) ("common fund fees commonly range from 20% to 30% of the fund created").  "As the Vizcaino court noted, the benchmark rate is a starting point for the analysis, and the selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case, including the result achieved, the risk involved in the litigation, the skill required and quality of work by counsel, the contingent nature of the fee, awards made in similar cases, and any lodestar crosscheck. (290 F.3d at 1048–50.)

In the present case, the Settlement provides for $250,000.00 in attorneys' fees. (Settlement, § 1(a)(iii).)  This is significantly less than Plaintiff's counsel' lodestar of $369,123.50.  (Sims ¶ 28.).  In other words, the requested fee represents a *negative* lodestar multiplier of 1.48.  (Id.)  The requested fee is also less than 30 percent of the total settlement fund of $873,100.00 and thus in the common 20 to 30 percent range. (Sims, ¶ 29.)  This fee award is justified under the criteria set out by the Ninth Circuit.

*First*, as established above, counsel achieved an excellent result for the participating members of the collective action.  (See, supra, § III. C. 1.)  Each member is receiving approximately 78% of their total realistic recovery in this case if they prevailed at trial.  (Sims ¶ 14.)

*Second*, there were serious risks incurred in this litigation and the outcome was highly in doubt.  (<u>see</u>, <u>supra</u>, § III. C. 3; Sims, ¶¶ 16-21.)

*Third*, Plaintiff's counsel demonstrated skill in successfully opposing Defendant's motion to dismiss and obtaining preliminary certification of this matter as a collective action.  This required, among other matters, navigating complicated issues concerning the Memorandum of Understanding ("MOU") between Defendant and the Orange County Employees Association, and its intersection with the FLSA.  (Sims, ¶ 25.)  It also required considerable discovery and education about the innerworkings of Defendant's Children & Family Services Division, and the considerable governmental requirements that SSWs must perform in their day-to-day work.  (<u>Id.</u>)

*Fourth*, Plaintiff's counsel handled this case on a contingency basis.  They have spent nearly two-years litigating this case without compensation, with no guarantee of recovery unless they obtained a successful outcome for Plaintiffs.  (Sims ¶ 26.)  "Courts have long recognized the public policy of rewarding attorneys for accepting representation on a contingent fee basis."  (<u>Ogbuehi v. Comcast of California/ Colorado/Florida/Oregon, Inc.</u>, 2015 WL 3622999, at *11 (E.D. Cal. June 9, 2015).)

*Fifth*, the requested fee award is well within the range of fee awards in similar cases.  In fact, the fee awards in wage and hour class actions are often 33% or greater.  (See, e.g., <u>Hopkins v. Stryker Sales Corp.</u>, 2013 WL 496358, at *3 (N.D. Cal. Feb. 6, 2013) (citing numerous federal wage and house cases in California with fee awards greater than 33%); <u>Schulein v. Petroleum Dev. Corp.</u>, 2015 WL 12762256, at *1 (C.D. Cal. Mar. 16, 2015) (citing <u>Been v. O.K. Industries, Inc.</u>, 2011 WL 4478766, at *11 (E.D. Okla. 2011) (citing with approval a holding that a multiplier of 2.43 is "per se reasonable" in a nationwide class action settlement")

*Sixth*, the requested fee is fair and appropriate under any lodestar cross-check.  Plaintiffs' counsel's current lodestar is $369,123.50, which is greater than the $250,000 in fees they are seeking as part of the Settlement.  (Sims ¶ 28.)  In other words, Plaintiffs are requesting a *negative* lodestar multiplier of 1.48.  (<u>Id.</u>)

*Seventh*, Plaintiffs' counsel's request for reimbursement of their expenses totaling $13,100 is fair and reasonable.  (Sims, ¶ 28(b).)  These costs largely consist of (a) deposition costs; (b) mediation costs; (c) mailing notice of the opt-in forms; and (d) fees related to court filings. (Id.)

*Eighth,* all of the participating members of the collective action have approved counsel's request for $250,000.00 in fees and $13,100.00 in costs.  (Exh. A.)

Accordingly, Plaintiffs' request for fees and costs should be approved by this Court as fair and reasonable.

### E.     The Incentive Awards are Fair and Reasonable.

"Incentive awards are fairly typical in class action cases."  (Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958 (9th Cir. 2009).)  Further, $5,000 incentive awards like the one requested here are commonplace.  (Chambers v. Whirlpool Corp., 2016 WL 5922456, at *20 (C.D. Cal. Oct. 11, 2016) ("Many courts in the Ninth Circuit have ... held that a $5,000 incentive award is 'presumptively reasonable'") (citation omitted).)

When considering requests for incentive awards, courts may consider the following factors: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.  (Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995).)  These factors favor the Named Plaintiffs' incentive award request of $5,000 each.

*First,* the Named Plaintiffs took considerable risks in suing their current employer.  They took the risk that their employer would retaliate against them for bringing a lawsuit, economically or within the work environment.  (Cole, ¶ 3; McKnight, ¶ 3.)

*Second*, the Named Plaintiffs spent considerable time educating Plaintiffs' counsel about the job of SSWs and the innerworkings of Defendants' Children & Family Services Division and otherwise assisting in prosecution of the action.  (Cole, ¶

4; McKnight, ¶ 4; Sim, ¶ 30.)  That includes multiple in-person meetings, consistent telephonic, email and text communications, responding to written discovery, and attending two full-day mediation sessions.  (Id.)  The Named Plaintiffs also assisted Plaintiffs' counsel in obtaining declarations in support of preliminary certification.  (Id.)

*Third,* this litigation has taken up nearly two years of their lives.

*Fourth*, the Named Plaintiffs received the same benefits as the rest of the members of the collective action (a $40,000 settlement payment).

*Sixth*, the other participating members of the collective action have approved the Named Plaintiffs request for $5,000 each in incentive awards.

Accordingly, based on these factors, the Court should find the incentive awards are fair and reasonable.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court approve the Settlement as "fair and reasonable" and award Plaintiffs' counsel $250,000.00 in fees and $12,484.75 in costs and the Named Plaintiffs each $5,000.00 in incentive awards.

Dated: April 20, 2020                              FRANK SIMS & STOLPER LLP


By:  */s/ Scott H. Sims*
     JASON M. FRANK
     SCOTT H. SIMS
     Attorneys for Plaintiffs and the
     FLSA Collective

Exhibit A

## STIPULATION OF COLLECTIVE ACTION SETTLEMENT AND RELEASE

This Stipulation of Collective Action Settlement and Release ("Settlement Agreement") is made and entered into as of 26th day of March, 2020 (the "Execution Date") by and between Defendant County of Orange ("County"), Named Plaintiffs Luiza Cole and Ruth McKnight, and the Opt-In Plaintiffs (as defined below). The County, Named Plaintiffs, and the Opt-In Plaintiffs are collectively referred to herein as the "Parties." This Settlement Agreement, which is intended to memorialize the Parties' Fair Labor Standards Act ("FLSA") collective action settlement and release, is subject to the terms and conditions set forth below, as well as Court approval.

WHEREAS, Named Plaintiffs brought the Action as a collective action pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*, alleging the County has failed to pay Named Plaintiffs and other SSWs (as defined below) for the full amount of their overtime hours worked;

WHEREAS, the County denies the allegations, has not conceded or admitted any liability, and has asserted affirmative defenses to the claims asserted against it in the Action;

WHEREAS, neither this Settlement Agreement nor the fact that the County has agreed to settle the claims in the Action shall be construed to be an admission or evidence against the County of wrongdoing or liability or the accuracy of the allegations raised in the Action;

WHEREAS, Named Plaintiffs, Opt-In Plaintiffs, and Plaintiffs' Counsel have conducted an investigation into the facts and law regarding the Action and have concluded that a settlement with the County according to the terms set forth below is in their best interests;

WHEREAS, the County, despite its belief that it has good defenses to the claims alleged in the Action, has nevertheless agreed to enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation;

WHEREAS, arm's-length settlement negotiations have taken place between the Parties and their counsel before a mediator, and this Settlement Agreement embodies all the terms and conditions of the settlement reached as a result of those negotiations;

WHEREAS, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims against the County arising from or related to this Action, and it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement

1   and release of the claims averred against the County in the Action;

2         NOW, THEREFORE, in consideration of the mutual covenants, agreements, and releases set

3   forth herein and for other good and valuable consideration, it is agreed by and among the undersigned

4   that this Action be settled, compromised, and dismissed on the merits with prejudice as to the County,

5   without costs as to Plaintiffs or the County except as otherwise expressly set forth herein, and subject

6   to the approval of the Court, on the following terms and conditions:

7   **A.**    **Definitions**

8         The following capitalized terms, as used in this Settlement Agreement, have the following

9   meanings:

10        1.    "Action" means and refers to the putative collective action filed in the United States

11   District Court, Central District of California (Hon. David O. Carter, presiding), under the caption *Cole*

12   *v. County of Orange*, Case No. 8:18-cv-01020-DOC-KES.

13        2.    "Administrative Costs" means and refers to costs due to the Claims Administrator for

14   work performed pursuant to section (C)(1)(a)(i)(1) below.

15        3.    "Approval Hearing" means and refers to a hearing scheduled before the Court to

16   consider a motion to approve this Settlement Agreement and dismiss the Action.

17        4.    "Approved Settlement Amount" means and refers to the actual amount the County pays

18   in settlement of this Action, exclusive of Administrative Costs.  This amount may be less than the

19   Maximum Settlement Amount if, for example, the Court disallows or modifies certain requests for

20   fees and costs by Plaintiffs or Plaintiffs' Counsel.

21        5.    "Claims Administrator" means and refers to Atticus Administration LLC, a third party

22   retained by Plaintiffs' Counsel to manage and administer (i) the process by which Putative Collective

23   Action Members were notified of the Action and their eligibility to opt-in to the Action; and (ii)

24   distribution of the Approved Settlement Amount paid by the County.

25        6.    "Collective Action Notice" means and refers to the notice that was circulated to

26   Putative Collective Action Members by the Claims Administrator on or about July 29, 2019 informing

27   them of this Action and advising them of their eligibility to opt-in to the Action.  A copy of the

28   Collective Action Notice is attached hereto as Exhibit A.

7.  "Collective Action Period" means and refers to the period from three years preceding the filing of the original complaint in this Action up through the date of the Final Order and Judgment.

8.  "County" means and refers to the County of Orange, the named defendant in this Action.

9.  "Consent Forms" means and refers to the Plaintiff Consent Form that was included in the Collective Action Notice.

10.  "Court" means and refers to the United States District Court for the Central District of California.

11.  "Effective Date" means and refers to the date on which approval of the settlement contained herein is granted by the Court and a Final Order and Judgment is entered.

12.  "ER" means and refers to the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency.

13.  "Final Order and Judgment" means and refers to the final order entered by the Court after the Approval Hearing approving the settlement and entering judgment pursuant to this Settlement Agreement and in accordance with Fed. R. Civ. P. 58.  The Parties agree to request entry of the proposed form of the Final Order and Judgment attached hereto as Exhibit B.

14.  "Gross Individual Settlement Payment Amount" means and refers to the amount of the Maximum Settlement Amount allocated to each Plaintiff, as set forth in Section (C)(1) below.

15.  "Individual Settlement Payment Amount" means and refers to the amount of each Plaintiff's Gross Individual Settlement Payment Amount, less employee and employer portions of state and federal withholding taxes and applicable payroll deductions required by law.

16.  "Maximum Settlement Amount" is the sum of $873,100.00, as set forth below in Section (C)(1), which, with the exception of the payment of Administrative Costs, represents the maximum amount payable by the County for settlement of this Action, inclusive of all payments to the Plaintiffs, the County's share of applicable payroll taxes and other required withholdings, attorneys' fees and costs directly related to the Action, and any enhancement fees to Plaintiffs.

17.  "Named Plaintiff" or "Named Plaintiffs" means and refers to Luiza Cole and Ruth McKnight.

18.     "Opt-In Plaintiff" or "Opt-In Plaintiffs" means and refers to the 13 individuals that submitted signed Consent Forms to the Claims Administrator in response to the Collective Action Notice. The Opt-In Plaintiffs are Denise Cornejo, Mariela Flores, Martha Garduno, Consuelo Gomez, LaToya McDavis, Daisy (Mejia) Rivera, Sarah Mendoza, Daisy Perez, Linda S. Rodriguez, Maria Ruberio, Charmaine Taguinad, Michelle Tolosa, and Junko Tominaga.    Copies of the Opt-In Plaintiffs' signed Consent Forms, with personal information redacted, are attached hereto as Exhibit C..

19.     "Payment Due Date" means and refers to thirty (30) days after the Effective Date.

20.     "Plaintiff" or "Plaintiffs" means and refers to the Named Plaintiffs and Opt-In Plaintiffs, collectively.

21.     "Plaintiffs' Counsel" refers to Scott H. Sims and Jason M. Frank of Frank Sims & Stolper LLP and Kristopher P. Badame and Joseph Hunter of Badame Law Group, APC.

22.     "Putative Collective Action Members" means and refers to the SSWs given notice of this Action and the opportunity to opt-in to the Action via the Collective Action Notice.

23.     "SSWs" means and refers to individuals employed by the County in the position of Senior Social Worker in the ER at any point during the three years preceding the filing of the Action up to the date of the Collective Action Notice.

**B.     Litigation Background**

1.     On June 11, 2018, Named Plaintiff Luiza Cole initiated this Action.  A First Amended Complaint adding Named Plaintiff Ruth McKnight was filed on November 30, 2018. Subsequently, a Second Amended Complaint was filed on April 10, 2019. Named Plaintiffs allege one cause of action under the FLSA, 29 U.S.C. § 201 *et. seq.*, against the County for unpaid overtime and off-the-clock work, and seek recovery for backpay, liquidated damages, and other penalties and damages.  Named Plaintiffs contend their suit is appropriate for collective action treatment on behalf of SSWs.

2.     The County denies Named Plaintiffs' claims, and asserts that, for any purpose other than settlement, the Action is not appropriate for collective action treatment pursuant to 29 U.S.C. §216(b).  The County further contends it has complied with the FLSA as relates to all SSWs. Consequently, the County does not believe any liability to Named Plaintiffs, Opt-In Plaintiffs, or other

Putative Collective Action Members exists, or that they are entitled to any recovery.

3.     On May 13, 2019, the Court entered an order conditionally certifying the Action as an FLSA collective action and directed the issuance of notice to Putative Collective Action Members.

4.     On July 29, 2019, the Claims Administrator mailed the Collective Action Notice to Putative Collective Action Members advising them of the Action and their eligibility to opt-in to the Action.  The Opt-In Plaintiffs timely submitted signed Consent Forms to the Claims Administrator.

5.     On February 5, 2020, the Named Plaintiffs and the County appeared before the Hon. Thierry Patrick Colaw (Ret.) to engage in a mediation of the matter.  At the mediation, the Named Plaintiffs and the County agreed to a proposal settling all claims alleged in the Action, embodied their agreement in a short form stipulation of settlement, and agreed to formalize such terms in a long-form settlement agreement.

6.     Following the mediation, the approval and consent of all Parties have been obtained and the Parties have participated in the drafting of the Settlement Agreement, which is subject to final review and approval by the Court of the terms and conditions therein.

**C.     <u>Terms of Settlement</u>**

1.     <u>Settlement Payment by the County</u>.

a.     The County agrees to pay no more than the Maximum Settlement Amount of $873,100.00. This amount is intended to compensate Plaintiffs for all claims which were raised in this Action, and all costs and expenses incurred therein.  The Parties agree, subject to Court approval, to the following allocations of the Maximum Settlement Amount:

i.     Each Plaintiff is allocated $40,000.00 of the Maximum Settlement Fund (the Gross Individual Settlement Payment Amount), for a total amount of $600,000.00 to be allocated to all Plaintiffs for settlement of the Action.  This allocation amount is inclusive of the County's share of applicable payroll taxes and any other withholdings required by law.

1.     The Gross Individual Settlement Payment Amounts shall be apportioned as follows:  50% shall be considered wages to be reported on an IRS W-2 Form, and subject to applicable withholdings, and the remaining 50% shall be attributed to liquidated damages, interest, and/or damages to be reported on an IRS 1099 Form.  Plaintiffs shall be solely responsible

1    for all tax obligations, including reporting and payment obligations, that may arise as a consequence

2    of this Settlement Agreement.

3            2.      Individual Settlement Payment Amounts paid under this

4    Settlement Agreement shall be considered compensation for disputed hours worked.  To the extent the

5    payment of any Individual Settlement Payment Amount results in overpayment of unemployment

6    benefits to Plaintiffs, the amount of any such overpayment shall be the responsibility of Plaintiffs.

7            ii.      Each Named Plaintiff may request the Court approve an incentive award

8    of $5,000.00 (for a collective total of $10,000.00) for her efforts and service in leading this Action,

9    without objection by the County.  The incentive award shall be in addition to each Named Plaintiff's

10   Gross Individual Settlement Payment Amount.  Any incentive award approved by the Court for

11   Named Plaintiffs shall be treated as compensation for non-wage related claims, injuries, and

12   reimbursement, and shall be reported on an IRS 1099 without withholdings.

13           iii.      Plaintiffs' Counsel may seek an award from the Court not to exceed

14   $250,000.00 for attorneys' fees associated with prosecuting this Action, without objection by the

15   County.

16           iv.      Plaintiffs' Counsel may seek an award from the Court not to exceed

17   $13,100.00 for litigation costs incurred in prosecuting this Action, without objection by the County.

18   Such litigation costs are inclusive of settlement administration costs.

19           v.      Except as otherwise provided herein, each Party will bear its own

20   attorneys' fees and costs.

21           b.      If the Court approves a lesser amount for Plaintiffs' Counsel's attorneys' fees

22   and costs or Named Plaintiffs' incentive awards, any amount disallowed or modified by the Court

23   shall be deducted from the Maximum Settlement Amount and shall constitute the Approved

24   Settlement Amount.  The Parties agree the Settlement Agreement and all other terms shall remain

25   binding regardless of any such disallowances or modifications.

26           c.      The County shall deposit the Approved Settlement Amount with the Claims

27   Administrator by the Payment Due Date.

28           d.      The Claims Administrator will be responsible for disbursing the Approved

Settlement Amount as and when authorized in this Settlement Agreement and by order of the Court. In compliance with this responsibility, the Claims Administrator shall calculate applicable federal and state deductions and timely provide such information to the Counsel for Parties at least three days prior to distribution of funds. The Claims Administrator will also: (i) no later than fourteen (14) days after the Payment Date, distribute to each Plaintiff his/her Individual Settlement Payment Amount from the Approved Settlement Amount, distribute to Named Plaintiffs any approved incentive awards; and pay Plaintiffs' Counsel attorneys' fees and costs as awarded by the Court; (ii) file and issue any necessary tax reporting documents; (iii) inform the Parties of its fulfillment of the duties imposed by this Settlement Agreement; and (iv) take such other and further action as necessary to effectuate distribution of the Approved Settlement Amount. The County and its Counsel shall bear no responsibility for ensuring distribution by the Claims Administrator of the Approved Settlement Amount (once paid by the County) to Plaintiffs and as among Plaintiffs' Counsel in accordance with the terms of this Settlement Agreement and any order of the Court. Neither Plaintiffs nor Plaintiffs' Counsel shall have any recourse or claim against the County related to distribution of the settlement funds once the County has paid the Approved Settlement Amount in accordance with the terms herewith and any order of the Court. The Administrative Costs shall be borne solely by the County, will be directly billed to and directly paid by the County to the Claims Administrator. The Administrative Costs will be paid separate from and in addition to payment of the Approved Settlement Amount.

2.  **Resolution of the Action and Releases**.

a.  **Dismissal with Prejudice**. The parties agree that upon Court approval of the Settlement (if such approval is granted), the Court shall dismiss with prejudice the claims in the Action. The parties and further agree to execute any and all documents necessary to effectuate the dismissal. The Parties specifically agree that the dismissal encompasses any and all claims that could otherwise be asserted based on the allegations in the Second Amended Complaint.

b.  **Release By Plaintiffs**. Plaintiffs understand and agree that this Settlement Agreement is intended to be a full and complete settlement of all claims asserted in the Second Amended Complaint as well as any and all claims, whether known or unknown, that could otherwise

1    be asserted based on the allegations in the Second Amended Complaint, including without limitation,

2    all claims made in the Action for unpaid overtime, liquidated damages, and attorneys' fees and costs.

3    Accordingly, as of the date of the Final Order and Judgment, Plaintiffs fully and finally release and

4    discharge the County and its former and present parents, subsidiaries, officers, directors, employees,

5    partners, agents, and any other successors, assigns, or legal representatives ("Released Parties") from

6    any and all claims asserted in the Action or those claims that could otherwise be asserted based on the

7    allegations in the Second Amended Complaint, including, whether known or unknown, without

8    limitation, any applicable statutory, constitutional, contractual, or common law claims for wages of

9    any kind (including without limitation any applicable minimum wages, straight time compensation,

10   overtime, time off, or other reimbursements), damages, unpaid costs, penalties, liquidated damages,

11   punitive damages, interest, attorney's fees, litigation costs, restitution, equitable relief, or other relief

12   under the FSLA or any other applicable law, memorandum, union agreement, or contract ("Released

13   Claims").  Plaintiffs expressly acknowledge that the Released Claims include their rights to recover

14   any type of personal relief from the County, including monetary damages, in any administrative action

15   or proceeding, whether state or federal, and whether brought by Plaintiffs or on Plaintiffs' behalf by

16   any administrative agency, related in any way to the matters released herein.  Nothing in this Release

17   or Settlement Agreement prohibits Plaintiffs from reporting possible violations of law or regulation to

18   any governmental agency or entity or making other disclosures that are protected under the

19   whistleblower provisions of law.

20            c.      Waiver of California Civil Code § 1542.  Plaintiffs' Released Claims include all

21   claims, whether known or unknown, related to the claims asserted in the Action.  Even if Plaintiffs

22   discover facts in addition to or different from those that they now know or believe to be true with

23   respect to the subject matter of Plaintiffs' Released Claims, those claims will remain released and

24   forever barred.  Thus, Plaintiffs expressly waive and relinquish the provisions, rights, and benefits of

25   section 1542 of the California Civil Code, which reads:

26            A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

27            CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR

28            HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH

IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

      d.    <u>County's Right to Withdraw From Settlement</u>. In the event the Court does not approve the Released Claims or otherwise makes an order inconsistent with the scope of the Releases contained herein, the County has the right to withdraw from the Settlement Agreement. In such case, (i) the Settlement Agreement and any related settlement documents will become null and void, other than the non-admission provisions in Paragraph (C)(4); (ii) neither this Settlement Agreement nor any related settlement document, nor the negotiations leading to the Settlement Agreement, may be used as evidence for any purpose; and (iii) the County shall retain the right to challenge all claims and allegations in the Action, to assert all applicable defenses, and to dispute the propriety of collective certification on all applicable grounds.

      e.    <u>Severability.</u> If any of the provisions, terms, clauses, waivers or releases and rights contained in the Releases in this Paragraph is later declared illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, such provision, terms, clauses, waivers or releases shall be modified, if possible, in order to achieve, to the extent possible, the broadest relief possible as intended by the parties, and, if necessary, such provisions, terms, clauses, waivers and releases shall be deemed severable, such that all other provisions, terms, clauses, waivers and releases contained in this Paragraph shall remain valid and binding. Notwithstanding any other provision in this Paragraph (C)(2)(e), if any portion of the waiver or release of claims or rights is held to be unenforceable, the County may, at its option, seek modification or severance of such portion, or terminate the Settlement Agreement.

      f.    Each Plaintiff acknowledges he/she has had a full and fair opportunity to consult with counsel of his/her choosing concerning the waivers and releases in this Paragraph (C)(2), and that he or she agrees to the foregoing waivers and releases knowingly and voluntarily, and without any coercion from anyone.

      3.    <u>Certification for Settlement Purposes Only</u>. The Parties stipulate, for settlement purposes only, to FLSA collective action treatment under 29 U.S.C. § 216(b) related to the claims asserted in the Action. The County's stipulation herein shall not be construed as an admission or

acknowledgment of any kind that any collective action treatment should occur other than for settlement purposes.

4. <u>Non-Admission of Liability</u>.   Nothing in this Settlement Agreement, or any communications, papers, pleadings, or orders related to this Settlement Agreement, shall be construed to be or deemed an admission by the County of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, Putative Collective Action Members, SSWs, or any other person, and the County specifically disclaims any such liability, culpability, negligence, or wrongdoing.   The County further specifically disclaims that collective action certification is appropriate in this or any other matter (other than as detailed in Paragraph (C)(3) above).   Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendance inconvenience, expenses, and contingencies.   This Settlement Agreement and any communications, papers, pleadings, or orders related to this Settlement Agreement may not be cited or otherwise admitted as evidence of liability or that collective action certification is appropriate in this or any other lawsuit.   There has been no final determination by any court as to the merits of the claims asserted in this Action against the County or as to whether the claims may proceed to trial on a collective action basis.

5. <u>Approval Hearing and Entry of Final Order and Judgment</u>.

a.   Absent written agreement of counsel to the contrary, no later than thirty (30) days after the latter of (a) County Ratification pursuant to paragraph D(1) herein or (b) the Execution Date, Plaintiffs shall file a motion to approve this Settlement Agreement and dismiss the Action. The motion shall be accompanied by any application by Plaintiffs' counsel for fees and costs.

b.   At the Approval Hearing, the Parties will request the Court (i) deem the case appropriate for collective action treatment under 29 U.S.C. § 216(b);; (ii) enter the proposed form of the Final Order and Judgment attached hereto as Exhibit B; (iii) approve the terms of the Settlement Agreement as a fair, adequate, reasonable, and binding resolution of a bona fide dispute; (iv) award any incentive awards to the Named Plaintiffs; (v) award any attorneys' fees and costs to Plaintiffs' Counsel; (v) dismiss the Action with prejudice; and (vi) enter an order permanently enjoining Plaintiffs from pursuing any of the Released Claims.

6. <u>Non-Approval by the Court</u>. In the event this Settlement Agreement is not approved by the Court, fails to become effective, or is otherwise reversed or modified by the Court or any appellate court, then:

a. The Settlement Agreement shall have no force or effect, other than the non-admission provisions in Paragraph (C)(4) above.

b. The Settlement Agreement shall not be admissible in any judicial, administrative, arbitral, or other proceeding for any purpose or with respect to any issue.

c. Any order or judgment entered by the Court in furtherance of this Settlement Agreement shall be treated as void ab initio.

d. None of the Parties to this Settlement Agreement will be deemed to have waived any claims, objections, defenses or arguments with respect to any issue in the litigation, including as relates to the issues of collective certification or the running of the statute of limitations on the claims of any Plaintiffs. Each of the Parties shall be deemed to return to their respective positions prior to entering into this Settlement Agreement.

**D.** **<u>Miscellaneous Provisions</u>**

1. <u>County Ratification</u>. Plaintiffs expressly acknowledge this Settlement Agreement requires approval and ratification by the County's Board of Supervisors and shall not become effective until such approval and ratification is obtained.

2. <u>No Impact on Benefit Plans</u>. Neither the Settlement Agreement nor any amounts paid under the Settlement Agreement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program offered by the County. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under any benefit plans, policies, or bonus programs offered by the County, unless required by such plans.

3. <u>Captions and Titles</u>. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not a recital.

4. <u>Drafting and Interpretation</u>. The Parties agree that the terms and conditions of this

Settlement Agreement are the result of arms-length negotiations between the Parties. Neither Party shall be considered the "drafter" of the Settlement Agreement for purposes of having terms construed in favor or against any Party by reason of the extent to which any Party, or his, her, or its counsel participated in drafting the Settlement Agreement. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties who drafted any particular terms.

5.   **No Representations Regarding Tax Consequences.** The Parties affirm that they have not relied upon any statement or representation Plaintiffs' Counsel, the County, any County representative or agent, including the County's Counsel, regarding the federal or state income tax consequences of the Settlement Agreement to any Party. The Parties expressly acknowledge and agree that they have or will rely solely upon the advice of their own attorneys (independent of Plaintiffs' Counsel), accountants and/or others as to the tax and benefit consequences of the Settlement Agreement and any payments thereunder.

6.   **Continuing Jurisdiction.** The Court shall have continued jurisdiction over the terms and conditions of this Settlement Agreement.

7.   **Modifications.** This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or a writing signed by the Parties hereto.

8.   **Integration.** This Settlement Agreement, including its exhibits, contains the entire agreement between the Parties related to settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.

9.   **No Prior Assignments.** Plaintiffs hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

10.   **Binding Agreement.** This Settlement Agreement shall be binding upon and inure to the

benefit of the Plaintiffs hereto and their respective heirs, trustees, executors, administrators and successors. Except as expressly provided herein, this Settlement Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein.

11. <u>Cooperation</u>. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court or otherwise to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of the County and its counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement.

12. <u>Advertising</u>. Plaintiffs' Counsel agree to limit any discussion of the Action and the Settlement Agreement on their websites, social media, or advertising materials to a brief description of the nature of the Action or information in the public record.

13. <u>Governing Law.</u> The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the United States, without regard to principles of conflicts of law.

14. <u>Signatories' Authority</u>. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

15. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts with signatures transmitted by facsimile or as an electronic image, which shall have the same force and effect as an original signature. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

PLAINTIFFS



DATED: ~~March~~ APRIL 3, 2020

Luiza Cole

DATED: March ___, 2020

Ruth McKnight

DATED: March ___, 2020

Denise Cornejo

DATED: March ___, 2020

Mariela Flores

DATED: March ___, 2020

Martha Garduno

DATED: March ___, 2020

Consuelo Gomez

DATED: March ___, 2020

LaToya McDavis

DATED: March ___, 2020

Daisy (Mejia) Rivera

DATED: March ___, 2020

Sarah Mendoza

DATED: March ___, 2020

Daisy Pérez

DATED: March ___, 2020

Linda S.Rodriguez

DATED: March ___, 2020

PLAINTIFFS

DATED: March ___, 2020

Luiza Cole

DATED: March 31, 2020

Ruth McKnight

DATED: March ___, 2020

Denise Cornejo

DATED: March ___, 2020

Mariela Flores

DATED: March ___, 2020

Martha Garduno

DATED: March ___, 2020

Consuelo Gomez

DATED: March ___, 2020

LaToya McDavis

DATED: March ___, 2020

Daisy (Mejia) Rivera

DATED: March ___, 2020

Sarah Mendoza

DATED: March ___, 2020

Daisy Perez

DATED: March ___, 2020

Linda S.Rodriguez

DATED: March ___, 2020

Maria Ruberio

14

**PLAINTIFFS**

DATED:  April ___, 2020

_____
Luiza Cole

DATED: April ___, 2020

_____
Ruth McKnight

DATED: April 3, 2020

_____
Denise Cornejo

DATED: April ___, 2020

_____
Mariela Flores

DATED: April ___, 2020

_____
Martha Garduno

DATED: April ___, 2020

_____
Consuelo Gomez

DATED: April ___, 2020

_____
LaToya McDavis

DATED: April ___, 2020

_____
Daisy (Mejia) Rivera

DATED: April ___, 2020

_____
Sarah Mendoza

DATED: April ___, 2020

_____
Daisy Perez

DATED: April ___, 2020

_____
Linda S.Rodriguez

DATED: April ___, 2020

_____
Maria Ruberio

**PLAINTIFFS**

DATED: April ___, 2020

_____
Laiza Cole

DATED: April ___, 2020

_____
Ruth McKnight

DATED: April ___, 2020

_____
Denise Cornejo

DATED: April 6, 2020

_____
Maricela Flores

DATED: April ___, 2020

_____
Martha Garduno

DATED: April ___, 2020

_____
Consuelo Gomez

DATED: April ___, 2020

_____
LaToya McDavis

DATED: April ___, 2020

_____
Daisy (Mejia) Rivera

DATED: April ___, 2020

_____
Sarah Mendoza

DATED: April ___, 2020

_____
Daisy Perez

DATED: April ___, 2020

_____
Linda S.Rodriguez

DATED: April ___, 2020

_____
Maria Rubecio

14

35

**PLAINTIFFS**

DATED: April ___, 2020

_____
Luiza Cole

DATED: April ___, 2020

_____
Ruth McKnight

DATED: April ___, 2020

_____
Denise Cornejo

DATED: April 7, 2020

_____
Mariela Flores

DATED: April 7, 2020

_____
Martha Garduno

DATED: April ___, 2020

_____
Consuelo Gomez

DATED: April ___, 2020

_____
LaToya McDavis

DATED: April ___, 2020

_____
Daisy (Mejia) Rivera

DATED: April ___, 2020

_____
Sarah Mendoza

DATED: April ___, 2020

_____
Daisy Perez

DATED: April ___, 2020

_____
Linda S.Rodriguez

DATED: April ___, 2020

_____
Maria Ruberio

14

**<u>PLAINTIFFS</u>**

DATED: April ___, 2020

_____
Luiza Cole

DATED: April ___, 2020

_____
Ruth McKnight

DATED: April ___, 2020

_____
Denise Cornejo

DATED: April ___, 2020

_____
Mariela Flores

DATED: April ___, 2020

_____
Martha Garduno

DATED: April 7, 2020

_____
Consuelo Gomez

DATED: April ___, 2020

_____
LaToya McDavis

DATED: April ___, 2020

_____
Daisy (Mejia) Rivera

DATED: April ___, 2020

_____
Sarah Mendoza

DATED: April ___, 2020

_____
Daisy Perez

DATED: April ___, 2020

_____
Linda S.Rodriguez

DATED: April ___, 2020

_____
Maria Ruberio

1198856.2/81185.05007

14

**PLAINTIFFS**

DATED: April ___, 2020

_____
Luiza Cole

DATED: April ___, 2020

_____
Ruth McKnight

DATED: April ___, 2020

_____
Denise Cornejo

DATED: April ___, 2020

_____
Mariela Flores

DATED: April ___, 2020

_____
Martha Garduno

DATED: April ___, 2020

_____
Consuelo Gomez

DATED: April _3_, 2020

_____
LaToya McDavis

DATED: April ___, 2020

_____
Daisy (Mejia) Rivera

DATED: April ___, 2020

_____
Sarah Mendoza

DATED: April ___, 2020

_____
Daisy Perez

DATED: April ___, 2020

_____
Linda S.Rodriguez

DATED: April ___, 2020

_____
Maria Ruberio

14

38

**PLAINTIFFS**

DATED: April ___, 2020

_____
Luiza Cole

DATED: April ___, 2020

_____
Ruth McKnight

DATED: April ___, 2020

_____
Denise Cornejo

DATED: April ___, 2020

_____
Mariela Flores

DATED: April ___, 2020

_____
Martha Garduno

DATED: April ___, 2020

_____
Consuelo Gomez

DATED: April ___, 2020

_____
LaToya McDavis

DATED: April 6th, 2020

_____
Daisy (Mejia) Rivera

DATED: April ___, 2020

_____
Sarah Mendoza

DATED: April ___, 2020

_____
Daisy Perez

DATED: April ___, 2020

_____
Linda S.Rodriguez

DATED: April ___, 2020

_____
Maria Ruberio

## PLAINTIFFS

1
2
3 | DATED:  April ___, 2020

                        _____
4                         Luiza Cole
5
6 | DATED:  April ___, 2020

                        _____
                        Ruth McKnight
7
8 | DATED:  April ___, 2020

                        _____
                        Denise Cornejo
9
10 | DATED:  April ___, 2020

                        _____
11                         Mariela Flores
12 | DATED:  April ___, 2020

                        _____
13                         Martha Garduno
14 | DATED:  April ___, 2020

                        _____
15                         Consuelo Gomez
16
17 | DATED:  April ___, 2020

                        _____
18                         LaToya McDavis
19 | DATED:  April ___, 2020

                        _____
20                         Daisy (Mejia) Rivera
21 | DATED:  April 7, 2020

                        _[signature]_____
22                         Sarah Mendoza
23 | DATED:  April ___, 2020

                        _____
24                         Daisy Perez
25 | DATED:  April ___, 2020

                        _____
26                         Linda S.Rodriguez
27 | DATED:  April ___, 2020

                        _____
28                         Maria Ruberio

1198856 2/81185 05007

14

**PLAINTIFFS**

1

2

3  DATED: April ____, 2020

4                                                        _____
                                                         Luiza Cole
5

6  DATED: April ____, 2020                               _____
                                                         Ruth McKnight
7

8  DATED: April ____, 2020                               _____
                                                         Denise Cornejo
9

10  DATED: April ____, 2020                              _____
                                                         Mariela Flores
11

12  DATED: April ____, 2020                              _____
                                                         Martha Garduno
13

14  DATED: April ____, 2020                              _____
                                                         Consuelo Gomez
15

16                                                       _____
17  DATED: April ____, 2020                              LaToya McDavis

18

19  DATED: April ____, 2020                              _____
                                                         Daisy (Mejia) Rivera
20

21  DATED: April ____, 2020                              _____
                                                         Sarah Mendoza
22

23  DATED: April _6_, 2020                               _____
                                                         Daisy Perez
24

25  DATED: April ____, 2020                              _____
                                                         Linda S.Rodriguez
26

27

28  DATED: April ____, 2020                              _____
                                                         Maria Ruberio

1148856.2/81185 05007

14

41

**PLAINTIFFS**

DATED:  April ___, 2020

_____
Luiza Cole

DATED:  April ___, 2020

_____
Ruth McKnight

DATED:  April ___, 2020

_____
Denise Cornejo

DATED:  April ___, 2020

_____
Mariela Flores

DATED:  April ___, 2020

_____
Martha Garduno

DATED:  April ___, 2020

_____
Consuelo Gomez

DATED:  April ___, 2020

_____
LaToya McDavis

DATED:  April ___, 2020

_____
Daisy (Mejia) Rivera

DATED:  April ___, 2020

_____
Sarah Mendoza

DATED:  April ___, 2020

_____
Daisy Perez

DATED:  April ___, 2020

_____
Linda S.Rodriguez

DATED:  April ___, 2020

_____
Maria Ruberio

**PLAINTIFFS**

DATED:  April ___, 2020

_____
Luiza Cole

DATED:  April ___, 2020

_____
Ruth McKnight

DATED:  April ___, 2020

_____
Denise Cornejo

DATED:  April ___, 2020

_____
Mariela Flores

DATED:  April ___, 2020

_____
Martha Garduno

DATED:  April ___, 2020

_____
Consuelo Gomez

DATED:  April ___, 2020

_____
LaToya McDavis

DATED:  April ___, 2020

_____
Daisy (Mejia) Rivera

DATED:  April ___, 2020

_____
Sarah Mendoza

DATED:  April ___, 2020

_____
Daisy Perez

DATED:  April ___, 2020

_____
Linda S.Rodriguez

DATED:  April _3_, 2020

_____
Maria Ruberio

1198856.2/81185.05007

14

DATED: April 6, 2020

_____
Charmaine Taguinad

DATED: April ___, 2020

_____
Michelle Tolosa

DATED: April ___, 2020

_____
Junko Tominga

Approved as to Form.

DATED: April ___, 2020          FRANK SIMS & STOLPER LLP

By: _____
Scott H. Sims
Attorneys for Plaintiffs

**THE COUNTY**

_____

DATED: April ___, 2020          Defendant County of Orange

Approved as to Form.

DATED: April ___, 2020          THEODORA ORINGHER PC

By: _____
Todd C. Theodora
Attorneys for Defendant

1198856.2/81185.05007

15

44

DATED: April ___, 2020

_____
Charmaine Taguinad

DATED: April 3, 2020

_____
Michelle Tolosa

DATED: April ___, 2020

_____
Junko Tominga

Approved as to Form.

DATED: April ___, 2020                    FRANK SIMS & STOLPER LLP

By: _____
Scott H. Sims
Attorneys for Plaintiffs

**THE COUNTY**

DATED: April ___, 2020

_____
Defendant County of Orange

Approved as to Form.

DATED: April ___, 2020                    THEODORA ORINGHER PC

By: _____
Todd C. Theodora
Attorneys for Defendant

1

2   DATED: April __, 2020

3                                          _____
                                           Charmaine Taguinad
4   DATED: April ___, 2020

5                                          _____
                                           Michelle Tolosa
6
7   DATED: April 6, 2020                   _____
                                           Junko Tominga
8

9   Approved as to Form.

10  DATED: April ___, 2020                 FRANK SIMS & STOLPER LLP

11

12

13                                         By: _____
                                               Scott H. Sims
14                                             Attorneys for Plaintiffs

15                                         THE COUNTY

16

17

18  DATED: April ___, 2020                 Defendant County of Orange

19

20

21  Approved as to Form.

22  DATED: April ___, 2020                 THEODORA ORINGHER PC

23

24                                         By: _____
25                                             Todd C. Theodora
                                               Attorneys for Defendant
26

27

28

1198856 2/81185 05007                      15

46

1

2   DATED:  March ___, 2020

3                                                    _____
                                                     Charmaine Taguinad
4   DATED:  March ___, 2020

5                                                    _____
                                                     Michelle Rolosa
6
    DATED:  March ___, 2020
7                                                    _____
                                                     Junko Tominga
8

9   Approved as to Form.

10  DATED:  April 9, 2020              FRANK SIMS & STOLPER LLP

11

12                                     By:  _____

13                                          _____
                                            Scott H. Sims
14                                          Attorneys for Plaintiffs

15                                     **THE COUNTY**

16

17                                          _____
18  DATED:  March ___, 2020                 Defendant County of Orange

19

20

21  Approved as to Form.

22  DATED:  March ___, 2020           THEODORA ORINGHER PC

23

24                                     By:  _____

25                                          _____
                                            Todd C. Theodora
26                                          Attorneys for Defendant

27

28

1198856.2/81185.05007                            15

DATED:  March ___, 2020

_____
Charmaine Taguinad

DATED:  March ___, 2020

_____
MichelleRolosa

DATED:  March ___, 2020

_____
Junko Tominga

Approved as to Form.

DATED:  March ___, 2020                FRANK SIMS & STOLPER LLP

By: _____
Scott H. Sims
Attorneys for Plaintiffs

**THE COUNTY**

DATED: April 15, 2020

_____
Defendant County of Orange

Approved as to Form.

DATED:  March 27, 2020                THEODORA ORINGHER PC

By: _____
Todd C. Theodora
Attorneys for Defendant

Exhibit A

### COURT-AUTHORIZED NOTICE OF FAIR LABOR STANDARDS ACT CONDITIONAL COLLECTIVE ACTION LAWSUIT

Please read this entire notice carefully.

This notice is not a solicitation from a lawyer. This notice has been authorized by United States District Judge David O. Carter of the United States District Court for the Central District of California.

**IN AUTHORIZING THIS NOTICE THE COURT HAS TAKEN NO POSITION ON THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES. PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS REGARDING THIS LAWSUIT.**

**YOU ARE NOT GUARANTEED ANY MONEY FOR PARTICIPATING IN THIS CASE.**

### INTRODUCTION

This notice informs you of the existence of a lawsuit which seeks allegedly unpaid overtime wages pursuant to federal law.  If you are determined to be eligible, you have the right to participate in this lawsuit, should you choose to do so.

### DESCRIPTION OF LAWSUIT

In June 2018, Luiza Cole and Ruth McKnight ("Plaintiffs") filed a lawsuit against the County of Orange (the "County" or "Defendant") in the United States District Court for the Central District of California, Case No. 8:18-cv-01020-DOC-KES.  Plaintiffs allege Senior Social Workers ("SSWs") working in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency (the "ER") have regularly worked more than forty (40) hours per week, but that the County has failed to pay them all overtime compensation due under the Fair Labor Standards Act, 29 U.S.C § 216(b) ("FLSA").  Specifically, Plaintiffs claim SSWs worked overtime and did not receive: (a) additional pay calculated at 1 ½ times their regular hourly rate; or (b) 1 ½ hours compensatory time off for each hour worked beyond 40 hours in the work week.  Plaintiffs contend the County knew or should have known SSWs in the ER were working uncompensated overtime.  Plaintiffs seek unpaid overtime wages, liquidated damages, and attorneys' fees and costs from the County.

The lawsuit is in the early pretrial stages.  Neither the mailing of this notice, nor the contents of this notice, should be construed as any expression of any opinion by the Court as to whether any claim or defense asserted in this lawsuit has any merit.

### THE COUNTY'S POSITION

The County denies all liability and denies Plaintiffs' allegations that the County violated the FLSA or failed to properly compensate SSWs in the ER for all overtime worked.  The County asserts it paid all overtime compensation due to SSWs in the ER.

### RIGHT TO JOIN IN THE LAWSUIT

You are eligible to join this lawsuit if you (a) were employed by the County as an SSW working in the ER at any point in time from June 11, 2015 to the present, (b) worked more than 40 hours in a work week during that period, (c) did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours, and (d) think the County knew or should have known that you worked uncompensated overtime. You are not obligated to join this lawsuit.  It is entirely voluntary and your decision.

1

You may seek to join this lawsuit by mailing, e-mailing, or faxing the attached **Plaintiff
Consent Form** to the following address:

Cole v. County Consent Form
c/o Atticus Administration
PO Box 1440
Minneapolis, MN 55440
E-Mail: orangecountyconsent@atticusadmin.com
Fax: 888-326-6411

**Your Plaintiff Consent Form must be postmarked or received by <u>October 27, 2019</u>.  A
pre-addressed, pre-paid envelope is also enclosed with this Notice.  Your Plaintiff
Consent Form will be filed with the Court.**

If you join this lawsuit, you will be bound by any ruling, judgment, or settlement, whether
favorable or unfavorable.  Thus, if you win, you may be eligible to share in the monetary
award, and, if you lose, no money will be awarded and you will not be able to file another
lawsuit regarding the matters raised in this case.

While this lawsuit is proceeding, you may need to provide information, have your
deposition taken, and/or appear in Court.  If so, Plaintiffs' counsel will help you.

By submitting a Plaintiff Consent Form, you designate Plaintiffs' Counsel to represent your
interests in this case.

Filing a Plaintiff Consent Form does not guarantee you will be able to participate in the trial
of this matter.  For current and former SSWs to bring their claims together in a single lawsuit
as a collective action under the FLSA, the Court must determine whether ER SSWs are
similarly situated with respect to Plaintiffs' claims. The Court has yet to make a ruling on
this issue. If you join this lawsuit, your continued participation will depend on whether the
Court ultimately finds that ER SSWs are similarly situated with respect to Plaintiffs' claims.
A finding that ER SSWs are similarly situated with respect to Plaintiffs' claims is not a
ruling that Plaintiffs' claims have or do not have merit.  If you choose to join the lawsuit,
any continued participation in this lawsuit is dependent on a final determination by the Court
that you and your claims are similarly situated to the putative collective.

If you do not wish to participate in this lawsuit you do not need to take any action.  If you
do not participate you will not be eligible to receive any compensation from the litigation
if Plaintiffs prevail on their claims or there is a settlement.  If you do not participate in the
lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on
any of the claims brought under the FLSA that are alleged in the action.  You will retain all
your rights under the FLSA.

<u>NO RETALIATION PERMITTED</u>

The law prohibits retaliation against current or former employees who exercise their rights
under the federal labor laws to join this lawsuit.  If you join this lawsuit, the County is
prohibited by federal law from firing you or taking any other adverse employment actions
against you because of your participation in this lawsuit.

<u>YOUR LEGAL REPRESENTATION IF YOU JOIN THE LAWSUIT</u>

If you submit a completed Plaintiff Consent Form and join the lawsuit, your attorneys will
be:

2

Scott H. Sims, Esq.
Jason M. Frank, Esq.
FRANK SIMS & STOLPER LLP
19800 MacArthur Blvd. Suite 855
Irvine, CA 92612
Phone: (949)201-2400
ssims@lawfss.com
jfrank@lawfss.com

Kristopher P. Badame, Esq.
Joseph Hunter, Esq.
BADAME LAW GROUP, APC
9891 Irvine Center Dr.
Suite 200
Irvine, CA 92618
Phone: (949)398-8217
kbadame@badamelawgroup.com
jhunter@badamelawgroup.com

The attorneys listed above, who are representing the Plaintiffs and all eligible ER SSWs who submit completed Plaintiff Consent Forms in this lawsuit, will be paid on a contingency fee basis, which means that, if there is no recovery, you will not have to pay any attorneys' fees or costs and you will not owe the attorneys anything.  If there is a recovery, these attorneys may seek attorneys' fees and costs from that recovery or from the County.  Any final award of attorneys' fees or costs is subject to approval by the Court.

If you want to pursue a legal claim for overtime violations against the County, you have the right to consult with and hire your own attorney at your own cost, and/or commence your own lawsuit.

<u>DEFENDANT'S ATTORNEYS</u>

The County is represented by the following attorneys:

Todd C. Theodora, Esq.
Panteha Abdollahi, Esq.
Cheryl Priest Ainsworth, Esq.
Michael E. Bareket, Esq.
THEODORA ORINGHER, PC.
535 Anton Blvd., Ninth Floor
Costa Mesa, CA 92626
Phone: (714) 549-6200

**THE PLAINTIFF CONSENT FORM APPEARS ON THE NEXT PAGE.**

***LUIZA COLE, ET. AL v. COUNTY OF ORANGE***
**United States District Court, Case No.** 8:18-cv-01020-DOC-KES
**PLAINTIFF CONSENT FORM**

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present.  During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours.  I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: _____       _____
                                                          *YOUR SIGNATURE*

                                                          _____
                                                          *YOUR PRINTED NAME*

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
PLEASE PRINT OR TYPE.**

Address: _____

City, State, Zip: _____

Best Phone Number: _____

Personal E-Mail (Optional):[1] _____

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019</u>.**

**COLE V. COUNTY CONSENT FORM
C/O ATTICUS ADMINISTRATION
PO BOX 1440
MINNEAPOLIS, MN 55440
E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM
FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties.  The County of Orange will not contact you at this email address.)*

Exhibit B

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   LUIZA COLE, individually, and on behalf of all those similarly situated,

13          Plaintiff,

14          vs.

15   COUNTY OF ORANGE,

16          Defendant.

Case No. 8:18-cv-1020-DOC-(KESx)

Assigned to:  Honorable David O. Carter

**[PROPOSED] FINAL ORDER AND JUDGMENT ON MOTION FOR APPROVAL OF SETTLEMENT AND ATTORNEY FEES UNDER FAIR LABOR STANDARDS ACT**

17

18   Complaint Filed:   June 11, 2018
     Trial Date:        August 18. 2020

19

20

21

22

23

24

25

26

27

28

Case No. 8:18-cv-1020

*[PROPOSED] FINAL ORDER AND JUDGMENT ON MOTION FOR APPROVAL OF SETTLEMENT AND ATTORNEY FEES UNDER FAIR LABOR STANDARDS ACT*                    55

THE COURT, having considered the Motion of Plaintiffs Luiza Cole and Ruth McKnight ("Plaintiffs") for Approval of Settlement and Attorney Fees under the Fair Labor Standards Act (the "Motion"), which was not opposed by Defendant County of Orange ("County"), as well as the terms of the proposed settlement and the evidence submitted in support of the Motion, hereby GRANTS the Motion and enters judgment herein as follows:

(1)   GRANTS Plaintiffs' Motion for Approval of Settlement and Attorney Fees under the Fair Labor Standards Act;

(2)   APPROVES of the Stipulation Of Collective Action Settlement And Release as reasonable and enforceable in its entirety;

(3)   ORDERS County to make the payments and perform the conditions contained within the Stipulation Of Collective Action Settlement And Release within _____ days of the date of this Order;

(4)   DISMISSES WITH PREJUDICE the action upon County's making said payments;

(5)   AWARDS Plaintiffs each a separate inventive award of $_____; and

(6)   AWARDS Plaintiffs' counsel attorney's fees in the amount of $_____ and costs in the amount of $_____.

IT IS SO ORDERED.

Dated: _____          _____

HON. DAVID O. CARTER
United States District Judge

2
Case No. 8:18-cv-1020

*[PROPOSED] FINAL ORDER AND JUDGMENT ON MOTION FOR APPROVAL OF SETTLEMENT AND
ATTORNEY FEES UNDER FAIR LABOR STANDARDS ACT*                                              56

Exhibit C

## *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: 10/15/19

*YOUR SIGNATURE*

Denise Cornep

*YOUR PRINTED NAME*

### INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
### PLEASE PRINT OR TYPE.

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019.</u>**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

17557

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: 9/23/19

_YOUR SIGNATURE_

MARIELA FIORES
_YOUR PRINTED NAME_

### INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
### PLEASE PRINT OR TYPE.

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

**COLE V. COUNTY CONSENT FORM
C/O ATTICUS ADMINISTRATION
PO BOX 1440
MINNEAPOLIS, MN 55440
E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM
FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

5

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

175578

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: 10/20/19

*YOUR SIGNATURE*

Martha Gardun

*YOUR PRINTED NAME*

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.**
**PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

6

RECEIVED OCT 2 6 2019

175584

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: __9-3-19__

Consuelo Jone
*YOUR SIGNATURE*

Consuelo Gomez
*YOUR PRINTED NAME*

### INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
### PLEASE PRINT OR TYPE.

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019.</u>**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

## LUIZA COLE, ET. AL v. COUNTY OF ORANGE
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: _____Sept. 2, 2019_____

_____
YOUR SIGNATURE

_____LaToya McDavis_____
YOUR PRINTED NAME

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS. PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

8

RECEIVED AUG 27 2019

*LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
**United States District Court, Case No. 8:18-cv-01020-DOC-KES**
**PLAINTIFF CONSENT FORM**

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: 8/4/2019

_____
**YOUR SIGNATURE**

Daisy Rivera
**YOUR PRINTED NAME**
previous name: Daisy Mejia

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.**
**PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

63

**LUIZA COLE, ET. AL v. COUNTY OF ORANGE**
**United States District Court, Case No. 8:18-cv-01020-DOC-KES**
**PLAINTIFF CONSENT FORM**

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.



Date: _____08/05/2019_____

_____
YOUR SIGNATURE

Sarah Mendoza
_____
YOUR PRINTED NAME

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.**
**PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019.</u>**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

175636

## *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.



Date: ___10|21|19___

_____
YOUR SIGNATURE

Daisy Perez
Y    *INTED NAME*

## INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
## PLEASE PRINT OR TYPE.

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019.</u>**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

65

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: 9/26/2019

*YOUR SIGNATURE*

Linda S. Rodriguez
*YOUR PRINTED NAME*

### INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
### PLEASE PRINT OR TYPE.

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

COLE V. COUNTY CONSENT FORM
C/O ATTICUS ADMINISTRATION
PO BOX 1440
MINNEAPOLIS, MN 55440
E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM
FAX: 888-326-6411

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: _____8/4/19_____         _____Marie Tuberio_____
                                                     *YOUR SIGNATURE*

                                                     ____Maria Ruberio_____
                                                     *YOUR PRINTED NAME*

### INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
### PLEASE PRINT OR TYPE.

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019.</u>**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

*LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
**United States District Court, Case No. 8:18-cv-01020-DOC-KES**
**PLAINTIFF CONSENT FORM**

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: 8/30/19

YOUR SIGNATURE

Charmaine Taguinol
YOUR PRINTED NAME

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.**
**PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

14

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
### United States District Court, Case No. 8:18-cv-01020-DOC-KES
### PLAINTIFF CONSENT FORM

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: _____8-8-19_____

_____
YOUR SIGNATURE

Michelle Tolosa
_____
YOUR PRINTED NAME

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.
PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY <u>OCTOBER 27, 2019.</u>**

**COLE V. COUNTY CONSENT FORM
C/O ATTICUS ADMINISTRATION
PO BOX 1440
MINNEAPOLIS, MN 55440
E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM
FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*

15

### *LUIZA COLE, ET. AL v. COUNTY OF ORANGE*
**United States District Court, Case No. 8:18-cv-01020-DOC-KES**
**PLAINTIFF CONSENT FORM**

1. I consent to join the matter of *Luiza Cole and Ruth McKnight v. County of Orange*, a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., asserting claims against the County of Orange for unpaid overtime as a Senior Social Worker ("SSW") in the Emergency Response Unit of the Children and Family Services Division of the Orange County Social Services Agency ("ER").

2. I consent to be represented by Frank Sims & Stolper LLP and Badame Law Group, APC and to be bound by any ruling, judgment, or settlement, whether favorable or unfavorable.

3. I am currently, or was previously, employed by the County of Orange as a SSW in the ER at some period since June 11, 2015 to the present. During my employment, there were weeks in which I worked over forty (40) hours but did not receive overtime compensation (either wages or compensatory time off) for all hours worked in excess of 40 hours. I think the County knew, or should have known, that I worked overtime that was uncompensated.

Date: ___10-17-19___

_____
*YOUR SIGNATURE*

___Junko Tominaga___
*YOUR PRINTED NAME*

**INFORMATION BELOW THIS LINE WILL BE REDACTED FROM COURT FILINGS.**
**PLEASE PRINT OR TYPE.**

**RETURN THIS FORM BY MAIL, FAX OR E-MAIL.**

**THIS FORM MUST BE POSTMARKED OR RECEIVED BY OCTOBER 27, 2019.**

**COLE V. COUNTY CONSENT FORM**
**C/O ATTICUS ADMINISTRATION**
**PO BOX 1440**
**MINNEAPOLIS, MN 55440**
**E-MAIL: ORANGECOUNTYCONSENT@ATTICUSADMIN.COM**
**FAX: 888-326-6411**

---

[1] *(Your email address will not be used for any purpose other than this lawsuit nor shared with any third parties. The County of Orange will not contact you at this email address.)*